## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| Michael Lemberger, | ) |
| Plaintiff, | ) ) |
| v. | ) 3:07-cv-03212-HAB-CHE ) ) |
| Sandra Simpson, Anderson Freeman and Brian Thomas, | ) ) ) |
| Defendants. | ) ) |

### DEFENDANT SANDRA SIMPSON'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Now Comes the Defendant, Sandra Simpson, by and through her counsel, James C. Vlahakis, and submits the following response in opposition to Plaintiff's Motion for Leave to File and Amended Complaint (dkt. no. 22):

**I.      Introduction**

1.      A review of Pacer indicates that this case is Plaintiff's second of three civil rights Complaints which he has filed pursuant to 42 U.S.C. § 1983. The Complaint alleges that Plaintiff has been denied a Kosher diet and that he has been unable to practice the Passover. Complaint, pp. 4-5. Plaintiff claims that he has been denied a pork substitute and that he has missed an unidentified amount of meals. *Id*.

2.      Plaintiff has sued the following three (3) individuals: Grievance Examiner Sandra Simpson; Acting Department of Human Services ("DHS") Facility Director Brian Thomas; and DHS Program Facility Director Anderson Freeman. Ex. A, pp. 1-2. Ms. Simpson is employed by Liberty Healthcare Corporation, a contractor with DHS who employees sex offender treatment specialists.

3.  Plaintiff has moved to amend on the basis that he has allegedly suffered "mental and emotional pain and suffering as a result of being forced to consume non-kosher food and not being able to observe Passover as well as Chanukah . . . ." Motion, ¶ 1.

4.  Plaintiff has not submitted a copy of his proposed amended complaint (which alone may warrant the dismissal of his motion as Plaintiff has already been granted leave to proceed in forma pauperis on in this case).

5.  The proposed amended complaint should be denied because the proposed allegations do not change the fact that Plaintiff does not have a constitutional right to have his grievances upheld by Defendant Simpson (who is employed on a contract basis to review grievances and make various recommendations to DHS staff). As discussed in Defendant Simpson's Motion to Dismiss, Plaintiff has essentially "shot the messenger" by including Ms. Simpson in this case along with the DHS Defendants who operate the treatment and detention facility where Plaintiff resides.

6.  Further, the proposed allegations do not in any way add any new allegations against Grievance Examiner Simpson. Rather, the allegations point to certain conduct attributable to certain DHS employees.

7.  According to Plaintiff, "Captain Williams" (a DHS employee) spoke with him and "expressed . . . an interest in resolving Plaintiff's claims that Plaintiff be given a Kosher diet." *See* Plaintiff's Motion, ¶ 3. Plaintiff objects, however, to a comment that Mr. Williams made after Williams reviewed the pleadings. Plaintiff essentially claims that Mr. Williams told him that "Sandra Simpson cannot be held liable because Defendant Simpson is not a policy maker and therefore should be excluded from Plaintiff's claim."

6261796v1 794835

8. Mr. Williams' alleged representations are factually correct in the sense that Ms. Simpson is not a policy maker or otherwise responsible for the alleged deprivations.[1] That being the case, it is not unlawful for Mr. Williams to point this fact out to Plaintiff. Nor is it necessarily unlawful for a staff member to consult with a plaintiff about the best approach to resolving a lawsuit.

9. Here, Plaintiff essentially alleges that he was approached with a settlement proposal that included the dismissal of Ms. Simpson. Mr. Williams' conduct is not akin to retaliation and cannot be reasonably interpreted to be a threat of any kind in response to Plaintiff's lawsuit.

10. Accordingly, not withstanding the fact that there is no misconduct *attributable to Defendant Simpson* in the proposed facts (other than the fact that Plaintiff did not obtain the relief that he appears to have sought from her), there is no basis for Plaintiff to amended the Complaint as none of the complained of conduct violates the Constitution. Moreover, as pointed out in the preceding footnote, it is unreasonable to suggest that Defendant Simpson has the power to order or execute any of the requested relief which includes Kosher foods and Kosher utensils.

11. For these reasons, Plaintiff's Motion for Leave to File and Amended Complaint should be denied and this Court should rule on the pending Motion to Dismiss his original Complaint (which is fully briefed).

WHEREFORE, for the reasons set forth above, Plaintiff's Motion for Leave to File and Amended Complaint should be denied.

---

[1] It is unreasonable for Plaintiff to believe that a grievance examiner has the power or authority to order Kosher food and separate utensils (knives, microwave etc.) to allow Plaintiff to prepare Kosher meals. That's a matter for security staff and upper level DHS officials to decide.

Respectfully submitted,

/s/ James C. Vlahakis
James C. Vlahakis
222 N. LaSalle, Suite 300
Chicago, IL 60601
Telephone: 312-704-3000
Facsimile: 312-704-3001

6261796v1 794835

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following to all counsel of record.

I further certify that on January 3, 2008, I mailed a copy of the above document to the following party of record:

> Michael Lemberger
> Department of Human Services
> R.R. #1, Box 6A
> Rushville, IL 62681


By: /s/ James Vlahakis

James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
312-704-3000

6261796v1 794835